**UNITED STATES of America,**
**Appellee,**

v.

**Lavin MATTHEWS, Defendant–**
**Appellant.**

No. 04–1657–cr.

United States Court of Appeals,
Second Circuit.

Jan. 29, 2008.

Bruce R. Bryan, Syracuse, NY, for Appellant.

Kirby A. Heller, Attorney, Criminal Division, Appellate Section, U.S. Department of Justice (Glenn T. Suddaby, United States Attorney, Northern District of New York, on the brief, Miroslav Lovric, Assistant United States Attorney, Northern District of New York, of counsel), for the United States.

PRESENT: AMALYA L. KEARSE, PIERRE N. LEVAL and JOSÉ A. CABRANES, Circuit Judges. .

### SUMMARY ORDER

Defendant–Appellant Lavin Matthews appeals from a judgment of conviction entered against him by the District Court after a jury found him guilty of: narcotics conspiracy in violation of 21 U.S.C. §§ 841, 846 (Count One); murder while engaging in a drug trafficking offense in violation of 21 U.S.C. § 848(e)(1)(A) (Count Two); RICO conspiracy in violation of 18 U.S.C. § 1962(d) (Count Three); violent crimes in aid of racketeering in violation of 18 U.S.C. § 1959 (Counts Four and Five); distribution of crack in violation of 21 U.S.C. § 841 (Count Six); violating 18 U.S.C. § 924(c) by possessing and using a firearm in furtherance of a drug trafficking crime—namely, the narcotics conspiracy described in Count One of the indictment (Counts Seven and Eight); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922 (Count Thirteen). The indictment also provided notice that, pursuant to 18 U.S.C. § 521, Matthews was subject to an enhanced penalty based on his membership in a street gang.

On appeal, Matthews challenges the sufficiency of the evidence supporting his RICO convictions (Counts Three, Four,

and Five), all convictions predicated on the existence of a conspiracy between Matthews and the other defendants (Counts One through Five, Seven, and Eight), his murder and felony murder convictions (Counts Four and Five), and the application of the street gang enhancement. He also seeks a remand for reconsideration of his sentences pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005), as long as such a remand would not expose him to the death penalty.[1] We assume the parties' familiarity with the facts, the issues on appeal, and the procedural history of this case.

The statute providing for enhanced sentencing of criminal defendants who belong to street gangs, 18 U.S.C. § 521, specifies that this enhancement shall apply only when a street gang member commits the predicate crime of conviction after having been "convicted within the past 5 years" of certain enumerated offenses.[2] The indictment alleges, as the basis for the street gang enhancement, that Matthews was convicted of qualifying offenses on October 13 and November 6, 1992. As the Government concedes, however, Matthews' crimes of conviction in the instant case "occurred after ... mid-November 1997," which was more than five years after the alleged predicate offense.

Because the Government did not prove that Matthews committed his crimes of conviction after having been "convicted within the past 5 years" of a qualifying offense, we conclude that the District Court incorrectly enhanced Matthews' sentences on Counts One, Two, Three, Four, Five, and Six. Accordingly, we remand this matter to the District Court in order that the District Court may (1) amend the judgment of conviction to delete any mention of the street gang enhancement and (2) reconsider Matthews' sentence pursuant to *United States v. Crosby*.

We have considered Matthews' remaining arguments and find them to be without merit. We therefore affirm the judgment of conviction in all respects other than the incorrect application of the 10–year enhancement pursuant to 18 U.S.C. § 521.

The mandate shall issue forthwith.

---

1. The Government sought the death penalty for Counts 2, 4, and 5. Matthews was sentenced principally to 120 months' imprisonment on Count One, life imprisonment on Counts 2–5, 480 months' imprisonment on Count 6, 7 years' imprisonment on Counts 7 and 8, and 120 months on Count 13. All terms were to run concurrently, with the exception of the sentence imposed on Counts 7 and 8. In addition, the District Court applied a ten year enhancement for gang membership to Matthews' sentences on counts 1–6.

2. Specifically, 18 U.S.C. § 521(d)(3) provides for application of an enhanced penalty to street gang members who have, within the past five years, committed:

    (A) an offense described in subsection (c);

(B) a State offense—
    (i) involving a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)) for which the maximum penalty is not less than 5 years' imprisonment; or
    (ii) that is a felony crime of violence that has as an element the use or attempted use of physical force against the person of another;

(C) any Federal or State felony offense that by its nature involves a substantial risk that physical force against the person of another may be used in the course of committing the offense; or

(D) a conspiracy to commit an offense described in subparagraph (A), (B), or (C).